IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTH CAROLINA
GREENVILLE DIVISION

UNITED STATES OF AMERICA | Criminal No: 6:14-834

v.

LAQUENCY HIGGINS | **PLEA AGREEMENT**

## General Provisions

This PLEA AGREEMENT is made this 28 day of April, 2015, between the United States of America, as represented by United States Attorney William N. Nettles, Assistant United States Attorney Max Cauthen; the Defendant, LAQUENCY HIGGINS, and Defendant's attorney, Lora Blanchard, Esq.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count Three of the Information now pending, which charges Felon in Possession of Ammunition, a violation of Title 18, United States Code, § 922.

In order to sustain its burden of proof, the Government is required to prove the following:

   a. The defendant has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year;
   b. After this conviction the defendant knowingly possessed the ammunition described in the indictment; and

-1-

        c. The possession was in or affecting commerce, because the ammunition had traveled in interstate or foreign commerce at some point during its existence.

The penalty for this offense is:

Maximum Possible Penalty

Imprisonment for not more than 10 years
Fine of $250,000.00, and
Supervised Release up to 3 years, and
A Special Assessment of $100.00

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

    The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

        A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of

$100.00 for each felony count for which he/she is convicted. ~~This special assessment must be paid at or before the time of the guilty plea hearing~~.

    B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his/her scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

    C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment, without prejudice, at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful

and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    a. the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    b. all additional charges known to the Government may be filed in the appropriate district;

    c. the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    d. the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his/her refusal to take or his/her failure to pass any such

polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

    a. known to the Government prior to the date of this Agreement;

    b. concerning the existence of prior convictions and sentences;

    c. in a prosecution for perjury or giving a false statement; or

    d. in the event the Defendant breaches any of the terms of the Plea Agreement.

8. The Defendant understands that the withdrawal of the enhancement(s) would be in lieu of a motion for downward departure pursuant to Section 5K1.1 of the U.S.S.G.

9.  The Defendant agrees to voluntarily abandon all right, title, interest and claim in the ammunition seized from him, to wit: .25 caliber ammunition.

10. The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

## Merger and Other Provisions

11. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his/her attorney have discussed possible defenses, if any, to the charges in the [Indictment. including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's

behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

13. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department

or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is **a sentence of 120 months actual incarceration**, followed by the appropriate statutory term of supervised release. In the event that the Defendant complies with all terms of this Agreement and the Court declines to impose this sentence, the Defendant will have the right to withdraw his FRCRP 11(C)(1)(c) plea. **If the Defendant does not comply with all the terms of this Agreement, the United States will have the right to initiate prosecution on any dismissed Counts of the Indictment.**

15. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all

parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

April 28, 2015  
Date

*(signature)*  
LAQUENCY HIGGINS, Defendant

April 28, 2015  
Date

*(signature)*  
Lora Blanchard, ATTORNEY

May 15 ~~April~~, 2015  
Date

WILLIAM N. NETTLES  
UNITED STATES ATTORNEY

*(signature)*  
Max Cauthen  
D.C. Bar No. 6732  
Assistant U. S. Attorney