IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:14-0834-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Laquency Higgins, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Laquency Higgins' ("Higgins") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons set forth below, the court dismisses Higgins' § 2255 motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On October 21, 2015, Higgins pled guilty pursuant to a plea agreement to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).[1] (Indictment, ECF No. 2; J., ECF No. 61.) On October 27, 2015, Higgins was sentenced to 120 months' imprisonment. (J., ECF No. 61.) Higgins did not appeal his conviction or sentence. (§ 2255 Mot. 2, ECF No. 69-2.) Higgins filed the instant § 2255 motion on September 27, 2016.[2] (§ 2255 Mot. Ex. 2 (Envelope), ECF No. 69-2.) In his § 2255 motion, Higgins alleges two claims of ineffective assistance of counsel. This matter is now ripe for consideration.

---

[1] As part of the plea agreement, Counts 1 and 2 of the indictment were dismissed. (J., ECF No. 61.) Count 1 charged Higgins with distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); count 2 charged Higgins with possession with intent to distribute cocaine base, in violation of § 841(a)(1) and (b)(1)(C). (Indictment, ECF No. 2.)

[2] See Houston v. Lack, 487 U.S. 266 (1988).

1

## II. DISCUSSION OF THE LAW

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Higgins must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Higgins must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Higgins alleges that his counsel was ineffective for (1) failing to investigate his criminal history to determine whether he would qualify as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and (2) providing deficient legal advice regarding his plea agreement. (§ 2255 Mot. Ex. 2 (Mem. Supp. § 2255 Mot. 5-6), ECF No. 69-2.) Higgins argues that his prior convictions do not qualify as serious drug offenses because he was sentenced to less than ten years' imprisonment for two of his predicate offenses. (Id. Ex. 2 (Mem. Supp. § 2255 Mot. 7), ECF No. 69-2.) Thus, Higgins submits that counsel was ineffective for advising him to accept a Rule 11(c)(1)(C) plea agreement providing for a specific sentence of 120 months' imprisonment because he would have received a lower sentence had he not accepted the plea agreement. (Id. Ex. 2 (Mem. Supp. § 2255 Mot. 6-8), ECF No. 69-2).

The ACCA provides that a defendant convicted under 18 U.S.C. § 922(g) who has three prior convictions for serious drug offenses is subject to a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). A "serious drug offense" includes "an

offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" § 924(e)(2)(A)(ii). "In determining whether a conviction qualifies, courts do not consider the actual sentence imposed upon a defendant, but instead look to the maximum term of incarceration that he faced." Johnson v. United States, Cr. No. RDB-10-0703, 2016 WL 560481, at *3 (D. Md. Feb. 12, 2016) (unpublished); see also United States v. Kasey, No. 02-4621, 2003 WL 1605889, at *1 (4th Cir. Mar. 28, 2003) (unpublished) ("The [ACCA] does not contemplate that the resulting actual punishment is relevant so long as the offense of conviction carried a statutory maximum sentence of ten years or more.")

Higgins' prior convictions for possession of cocaine with intent to distribute, distribution of crack cocaine first offense, and distribution of powder cocaine all qualify as serious drug offenses. (Presentence Report, ¶¶ 28, 30, 32.) South Carolina's statutes for possession of cocaine with intent to distribute, distribution of crack cocaine first offense, and distribution of powder cocaine each provide for maximum sentences of fifteen years. S.C. Code Ann. §§ 44-53-370(b)(1), 375(B)(1). As noted above, the actual time that Higgins was incarcerated for these offenses is irrelevant to the determination of whether Higgins' prior crimes are "serious drug offenses." Higgins was clearly subject to a sentence greater than ten years. Based on the foregoing, counsel was not ineffective for failing to investigate Higgins' criminal history because he plainly qualifies as an armed career criminal.

Further, counsel was not ineffective for advising Higgins to plead guilty pursuant to Rule 11(c)(1)(C) because Higgins received a lower sentence than he would have received if he had

3

not entered into a Rule 11(c)(1)(C) plea agreement providing for a sentence of 120 months' imprisonment. Although Higgins faced a statutory maximum of ten years' imprisonment on count 3, he faced a maximum of thirty years' imprisonment for counts 1 and 2, which were dismissed as a part of Higgins' plea agreement. (Penalty Sheet, ECF No. 3; J., ECF No. 61.) Thus, if he had not pleaded guilty, at a minimum, Higgins would have been subject to the ACCA mandatory minimum of fifteen years' imprisonment. Based on the foregoing, Higgins' claims are without merit.

Therefore, it is

**ORDERED** that Higgins' § 2255 motion, docket number 69, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Higgins has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
October 24, 2016

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.