IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:14-834-HMH |
| vs. ) | |
| ) | |
| Laquency Higgins, ) | **OPINION & ORDER** |
| ) | |
| Movant. ) | |

This matter is before the court on Laquency Higgins' ("Higgins") pro se "petition for the appoint of counsel or motion to the court for relief as justice requires," which the court construes as a motion to vacate or correct his sentence under 28 U.S.C. § 2255 (Mot., ECF No. 87.) Higgins requests that the court appoint counsel and challenges his conviction based on Rehaif v. United States, 139 S. Ct. 2191 (2019). (Id. ECF No. 87.) In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200 (The defendant argued that the court erred in instructing the jury that it did not need to find that the defendant knew he was in the country unlawfully.).

On October 21, 2015, Higgins pled guilty pursuant to a plea agreement to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 2; J., ECF No. 61.) On October 26, 2015, Higgins was sentenced to 120 months imprisonment. (J., ECF No. 61.) Higgins did not appeal his conviction or sentence. (§ 2255 Mot. 2, ECF No. 69-2.) Higgins filed a § 2255 motion on September 27, 2016, alleging claims

1

of ineffective assistance of counsel, which the court summarily dismissed on October 24, 2016. (Id. Ex. 2 (Envelope), ECF No. 69-2.); (Oct. 24, 2016 Order , ECF No. 70.)  Higgins filed the instant motion on June 1, 2020.[1]  (Mot. Attach. 1 (Envelope), ECF No. 87.)

"[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive [28 U.S.C. § 2255 motion], while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider."  United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003), abrogated in part on other grounds by, United States v. McRae, 793 F.3d 392 (4th Cir. 2015).  Higgins' motion attacks the validity of his conviction and sentence.  (Mot., generally, ECF No. 87.)  Therefore, the court construes Higgins' instant motion as one to vacate, set aside, or correct his sentence pursuant to § 2255.[2]

Further, "a prisoner seeking to file a successive [§ 2255 motion] in the district court must first obtain authorization from the appropriate court of appeals."  Winestock, 340 F.3d at 205 (citation and internal quotation marks omitted); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Otherwise, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider [a successive § 2255 motion] containing abusive or repetitive claims."  Winestock, 340 F.3d at 205 (citation omitted).  Because Higgins has

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] Because this is a successive motion pursuant to § 2255, this case is not controlled by Castro v. United States, 540 U.S. 375, 383-84 (2003).

2

previously filed a § 2255 motion that was adjudicated on the merits, the instant motion is successive. See e.g., United States v. Waters, Criminal No. 4:15-cr-158-BHH, 2020 WL 2043458, at *3 (D.S.C. Apr. 28, 2020) (unpublished) (dismissing motion construed as § 2255 motion and alleging Rehaif claims as second or successive); (Oct. 24, 2016 Order, ECF No. 70.) As Higgins has failed to obtain pre-filing authorization, the court lacks jurisdiction over this successive § 2255 motion, and Higgins' motion is dismissed. See Winestock, 340 F.3d at 205.

It is therefore

**ORDERED** that Higgins' motion, docket number 87, is construed as a § 2255 motion and summarily dismissed as a second or successive § 2255 motion. It is further

**ORDERED** that Higgins' motion to appoint counsel, docket number 87, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Higgins has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 9, 2020

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.